*In re* CARLOS ROBERTO SOTO LÓPEZ, querellado.

*Número:* CP-89-506          *Resuelto:* 5 de abril de 1994

*Jorge E. Pérez Díaz, Procurador General, Norma Cotti Cruz, Subprocuradora General, Anabelle Rodríguez, Subprocuradora General Interina, Eliadís Orsini Zayas, Procuradora General Auxiliar, e Yvonne Casanova Pelosi, Procuradora General Auxiliar,* abogados de El Pueblo; *Pedro E. Ortiz Álvarez,* abogado del querellado.

EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ emitió la opinión del Tribunal.

El abogado Carlos Roberto Soto López[1] fue contratado, en el año 1986, por Aurelio Ortiz Pérez para que lo representara en un proceso criminal por violación al Art. 401 de la Ley de Sustancias Controladas de Puerto Rico, Ley Núm. 4 de 23 de junio de 1971 (24 L.P.R.A. sec. 2401); proceso que se celebró ante el Tribunal Superior de Puerto Rico, Sala de Aguadilla. Durante el mismo declararon, como testigos de defensa, los Sres. Julio César Pérez Mercado, Aniscacio Nieves Guzmán y Efraín López Mercado. El acusado Ortiz Pérez resultó convicto.

Como consecuencia de incidentes ocurridos durante dicho proceso, el Ministerio Fiscal presentó denuncia, por una alegada infracción al Art. 225 del Código Penal de Puerto Rico,[2] contra el abogado Carlos Roberto Soto López; alegándose, en la misma, que dicho abogado instigó a los testigos López Mercado y Nieves Guzmán a que cometieran perjurio durante el juicio que se le celebrara a Ortiz Pérez. No hubo determinación de causa probable a nivel del Tribunal de Distrito; determinación de inexistencia de causa que confirmó el Tribunal Superior en la vista preliminar "en alzada" que se celebrara a petición del Ministerio Fiscal.

Mediante Resolución, de fecha 25 de mayo de 1989, instruimos al Procurador General de Puerto Rico para que radicara "querella" contra el licenciado Soto López. Así lo hizo dicho funcionario, imputándole la comisión de dos (2) cargos, a saber:

---

[1] El Lcdo. Carlos Roberto Soto fue admitido al ejercicio de la abogacía el 20 de mayo de 1975 y autorizado a ejercer la notaría el 17 de junio de 1975.

Recientemente, mediante Opinión *Per Curiam* de fecha 7 de diciembre de 1993, *lo suspendimos del ejercicio de la abogacía por el término de un (1) año. In re Soto,* 134 D.P.R. 772 (1993).

[2] 33 L.P.R.A. sec. 4421.

## CARGO I

El Lcdo. Carlos Roberto Soto, abogado defensor del acusado, Aureo Ortiz Pérez, con pleno conocimiento, junto con su cliente fabricó prueba falsa, asesoró y ayudó a su cliente para la preparación y presentación de esa prueba falsa en el Tribunal, en el caso *Pueblo* vs. *Aureo Ortiz Pérez*, Crim. Núm. G87-249 radicado en el Tribunal Superior, Sala de Aguadilla, como de hecho se presentó, a través de los testimonios de los testigos Julio César Pérez Mercado, Aniscacio Nieves Guzmán y Efraín López Mercado.

El Lcdo. Carlos Roberto Soto también intervino personalmente e indebidamente como [sic] dichos testigos, muy especialmente con los testigos Aniscacio Nieves Guzmán y Efraín López Mercado, quienes fueron llevados a donde el abogado para él elaborarles un testimonio perjuro, preparado para vertirlo ante el tribunal, como de hecho se virtió, en la etapa procesal del caso cuando ya a dichos dos testigos se les había tomado juramento y estaban bajo las reglas del tribunal.

Dichas actuaciones del abogado Carlos Roberto Soto refleja [sic] violación a los cánones de Etica Profesional *5, 18, 26* y *35*.

## CARGO II

El abogado Carlos Roberto [Soto López] actuó en forma antiética y en violación al Canon 8 de los de Etica Profesional en su relación abogado cliente con el acusado Aureo Ortiz, en el citado caso según identificado en el primer cargo.

En el trámite de dicho caso, que él le atendía a su cliente, el deber del abogado era de no permitir que su cliente incurriera en conducta impropia e ilegal como fue la preparación de la prueba falsa para ser presentada en el Tribunal, así como la intervención indebida con testigos del caso. Por el contrario, el abogado querellado lo que hizo fue coadyuvar [sic] a su cliente en la fabricación de la prueba falsa, dándole mayores visos de legalidad y veracidad, sirviendo de esta forma el abogado querellado a su cliente como instrumento para presentar las falsas defensas ante el foro judicial de instancia.

Las [sic] conducta reseñada en este escrito tiene como agravante que la misma también tipifica conducta delictiva en contra de la administración de la justicia. Querella, págs. 1–2.

Soto López radicó la correspondiente contestación a querella. En la misma, en primer lugar, negó la veracidad de los hechos que se le imputaban. En segundo término,

solicitó la desestimación y archivo de la querella, predicada dicha solicitud en que la "determinación de no causa para acusar en un procedimiento criminal sobre los mismos hechos debe dar lugar al archivo de la querella". Contestación a la querella, pág. 1.

Designamos al ex Juez Superior Víctor Ramírez Morell, como Comisionado Especial, para que oyera y escuchara la prueba que presentaran las partes y rindiera un informe ante este Tribunal con las determinaciones de hecho que entendiera procedente en derecho. Procede que se enfatice el hecho de que el Comisionado Especial Ramírez Morell, en el informe que nos rindiera, hizo constar expresamente que *no* le mereció crédito alguno el testimonio que ante dicho Comisionado prestaron los testigos Efraín López Mercado y Aniscacio Nieves Guzmán —testigos a los que, alegadamente, el licenciado Soto López instigó a cometer perjurio— *concluyendo expresamente el Comisionado que* "a base de la prueba presentada, el Lcdo. Soto durante su intervención como abogado defensor de Aurelio Ortiz, no instruyó ni sugirió a los testigos a declarar en falso durante el juicio que se celebró contra el acusado Aurelio Ortiz". Informe y determinaciones de derecho, págs. 10–11.

I

De entrada, procede dejar claramente establecido que el hecho de que un miembro de la profesión sea declarado inocente de unos cargos criminales *no* impide que contra dicho abogado se radique una querella por conducta profesional, en relación con los mismos hechos que dieron lugar a la acción penal, ante este Tribunal como tampoco impide que este Foro sancione a dicho abogado, por violación a los cánones de ética profesional, en relación con dichos hechos si es que así lo entendemos procedente. *In re Franco Soto*, 115 D.P.R. 740, 752 (1984); *In re Álvarez Crespo*, 110 D.P.R. 624 (1981).

■ El poder inherente de este Tribunal para reglamentar la profesión de la abogacía —y, en especial, para velar por que los miembros de dicha profesión legal actúen siempre conforme a los postulados de los cánones de ética profesional— *no* está supeditado a la determinación y fallo que, en un proceso criminal, entienda procedente emitir el juzgador de los hechos; procedimiento que, naturalmente, se rige por unos criterios muy particulares.

■ Por otro lado, debe quedar claro que el Tribunal *no* está obligado a aceptar el informe de un Comisionado Especial; esto es, podemos adoptar el mismo, modificarlo e, inclusive, rechazarlo. *Vélez Ruiz v. E.L.A.*, 111 D.P.R. 752, 757–758 (1981). Ahora bien, también hemos resuelto que en ausencia de demostración de prejuicio, parcialidad o error manifiesto de parte del Comisionado Especial al apreciar la prueba, este Tribunal *no* alterará las determinaciones de hecho que éste haga. *In re Coltón Fontán*, 128 D.P.R. 1 (1991).

Un examen, minucioso y objetivo, de todo el expediente del caso nos convence que *no* existe razón alguna para intervenir con, y alterar, la expresa determinación del Comisionado Especial a los efectos de que Soto López *no* cometió los hechos que se le imputaron en la querella radicada; determinación del Comisionado que resulta, en el presente caso, acorde con la determinación que se hiciera en la esfera penal. En consecuencia, y por las razones expresadas, *procede ordenar el archivo y sobreseimiento de la presente querella.*

*Se dictará sentencia de conformidad.*

Los Jueces Asociados Señores Negrón García y Alonso Alonso se inhibieron.