EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:                   | Querella        |
|                          | 2004 TSPR 86    |
| Nydia González Ortiz     | 161 DPR _____   |

Número del Caso: CP-2002-2

Fecha: 2 de junio de 2004

Oficina del Procurador General:

Lcda. Noemí Rivera de León
Procuradora General Auxiliar

Abogado de la Querellada:

Lcdo. Harry Bracer Natal

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Nydia González Ortiz                    CP-2002-2

PER CURIAM

San Juan, Puerto Rico, a 2 de junio de 2004

El 18 de junio de 2002 el Procurador General presentó una querella contra la Lcda. Nydia González Ortiz, imputándole un cargo por violación al Canon 18 de Ética Profesional, 4 L.P.R.A. Ap. IX, C. 18, el cual, entre otras cosas, requiere de todo abogado el "defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima la más adecuada y responsable."

En la querella presentada, el Procurador General alegó que la Sra. Ada E. Ortiz Pérez contrató los servicios de la licenciada González Ortiz para recibir asesoramiento legal y

presentar una petición de quiebra corporativa ante el Tribunal de Quiebras de la Corte de Distrito Federal para el Distrito de Puerto Rico. Según arguyó el Procurador General, la única diligencia realizada por la abogada, en cumplimiento de dicha encomienda, ante el Tribunal de Quiebras lo fue el cumplimentar el formulario requerido (petición) para solicitar la quiebra.

El Procurador General nos señaló, además, que la abogada querellada nunca llenó la solicitud de empleo requerida bajo la Sección 327 de la Ley de Quiebras, 11 U.S.C. 327, y la Regla 2014 del Reglamento de Procedimientos ante el Tribunal de Quiebras, por lo que alegadamente nunca fue autorizada por el tribunal para ser abogada de la quejosa. Alegó, además, que la querellada no asistió a la reunión de acreedores que se lleva a cabo en los casos de Capítulo 11 de la Ley de Quiebra, ante, y que el informe sobre los activos y pasivos de la corporación y el informe sobre asuntos financieros requeridos por la Sección 521 de la Ley de Quiebras, ante, nunca fueron radicados.

Indicó el Procurador, por último, que la moción de desestimación radicada por uno de los acreedores en el caso de quiebras no fue contestada por la abogada y que la solicitud de quiebra fue desestimada finalmente. El Procurador General señala que en el expediente del caso no constan las gestiones realizadas por la querellada para obtener los documentos necesarios para cumplimentar la

petición de quiebra, excepto por una carta enviada a la parte quejosa.

La licenciada González Ortiz presentó oportunamente su contestación a la querella en la que expuso su versión de lo acontecido. El 17 de junio de 2002, mediante Resolución a esos efectos, nombramos Comisionado Especial al Lcdo. Elí B. Arroyo, para que recibiera y escuchara la prueba a ser presentada por las partes y rindiera un informe ante este Tribunal con las determinaciones de hecho que entendiera procedentes y las recomendaciones que estimara necesarias.

La vista evidenciaria ante el referido Comisionado se celebró el 12 de noviembre de 2002. A la misma comparecieron como testigos la querellante Ada E. Ortiz Pérez y la querellada licenciada González Ortiz. Así las cosas, y luego de celebrada la referida vista, el Comisionado Especial rindió su informe.

Sometido el caso ante nuestra consideración, y contando con el beneficio del informe del Comisionado Especial y del Procurador General, así como con la contestación de la abogada querellada, resolvemos.

II

De las determinaciones de hechos a las que llegó el Comisionado Especial, luego de analizar tanto la prueba testifical como documental presentada ante sí, se desprende que la querellante Ortiz Pérez contrató los

servicios profesionales de la querellada a los fines de presentar una petición de reorganización (Capítulo 11 de la Ley de Quiebras) para la corporación Marina Multiproducts Inc., la cual había sido demandada en desahucio. Surge, además, que el mismo día en que se encontraba señalado el juicio en el caso por desahucio --el 28 de enero de 2000-- la querellada González Ortiz presentó la petición de reorganización ante el Tribunal de Quiebras y, cuando ya se había dictado sentencia en rebeldía en el caso de desahucio, los procedimientos quedaron paralizados. Cabe señalar que para este procedimiento la aquí querellada obtuvo un pago inicial de $3,000.00 por parte de la querellante, más los costos de radicación.

Así las cosas, el Tribunal de Quiebras señaló para el 6 de marzo de 2000 la reunión de acreedores y una vista sobre el estado de los procedimientos ("status conference"). De acuerdo a las determinaciones del Comisionado Especial, avaladas por la prueba documental que consta en autos, la vista no se celebró por razones personales de la Jueza asignada al caso. De igual forma, de la prueba documental surge que la querellada no asistió a la reunión de acreedores por razones de enfermedad. Surge, además, que la querellada padece de asma y que el día para el cual se encontraba pautada la referida reunión ésta sufrió un ataque de asma. En adición, el Comisionado concluyó que la ausencia a dicha reunión no afectó

adversamente el caso de quiebras ni causó perjuicio a la corporación deudora y peticionaria ante el Tribunal de Quiebras.

El Comisionado Especial determinó, además, que la responsabilidad de cumplimentar la solicitud para emplear un abogado recae sobre el deudor en posesión, es decir en la querellante.[1] El Comisionado encontró, también, que la querellada González Ortiz cumplimentó la solicitud de empleo ante el Tribunal de Quiebras, según se dispone en la Regla 2014 del Reglamento Para Procedimientos ante el Tribunal de Quiebras más, sin embargo, en ese momento el caso ya había sido desestimado. Ello no obstante, el Comisionado determinó que lo anterior no afectó en forma alguna el caso de quiebras.

Por otro lado, y respecto a la alegación de que la licenciada González Ortiz falló en no radicar el informe de los activos y pasivos de la corporación y el informe sobre los asuntos financieros, el Comisionado Especial determinó que si bien es cierto que la querellada no anejó dichos documentos en la petición de quiebra, esto no impidió que el Tribunal de Quiebras aceptara la petición y emitiera la orden de paralización. Ello en vista de que no existe una obligación estatutaria de que dichos informes acompañen la petición de quiebra. Véase: Regla 1007 del Reglamento Para Procedimientos ante el Tribunal de Quiebras, ante. Estimó el Comisionado, además, que la

---

[1] *In re* Fruit Intern, Inc., 87 B.R. 769 (Bankr. D. Puerto Rico 1988); *In re* Engel, 124 F 3rd. 567 (3er Cir. 1997).

razón por la cual dichos documentos nunca se presentaron ante el Tribunal de Quiebras es atribuible a la querellante, ya que ésta alegadamente no produjo la información necesaria a pesar de los diversos requerimientos de la querellada para cumplimentar dichos formularios.

Con relación a la alegación de que la querellada no contestó la moción de desestimación incoada por uno de los acreedores de la corporación, el Comisionado Especial incurrió en error al confundir la referida moción con otra moción incoada por el mismo acreedor para que se asumiera o rechazara cierto contrato de arrendamiento. De esta forma, erróneamente indicó el Comisionado que no se respondió esta moción porque la querellante Ortiz Pérez entendió que el contrato de arrendamiento era "leonino" y que no deseaba asumirlo.[2] Precisa aclarar que del expediente del caso surge con claridad que la única moción de desestimación existente, la cual no fue contestada, se fundamentó en la falta de radicación de los informes sobre activos y pasivos de la corporación y sobre los estados

---

[2] En los casos de quiebra donde existen contratos de arrendamientos vigentes, el deudor tiene la opción de asumir o rechazar dichos contratos. Ello no obstante, un contrato que no se asuma en el término dispuesto para ello por ley se entiende rechazado. Véase: 11 U.S.C. sec. 365. En este caso el acreedor Western Shopping Center Norte, Inc. radicó una moción para que se asumiera el contrato de arrendamiento o, en su defecto, se rechazara. Además, radicó una moción de desestimación donde solicitó se desestimara el caso por la falta de radicación de los informes requeridos por la Ley de Quiebras, ante. La moción de asumir el contrato de arrendamiento nada tiene que ver con la moción de desestimación incoada.

financieros y <u>no</u> en fallar en asumir el contrato de arrendamiento.

En cuanto al hecho mismo de la desestimación, el Comisionado Especial determinó que la misma era atribuible exclusivamente a la negligencia y falta de cooperación de la querellante, ello en vista de que ésta jamás proveyó la información necesaria para preparar y radicar los informes antes mencionados. Cabe señalar que el Comisionado Especial, fundamentándose en el testimonio de la querellada, consideró probado que ésta realizó gestiones para obtener la información necesaria para someter los informes, sin éxito.

En fin, el Comisionado Especial determinó que la querellada no incurrió en conducta violatoria del Canon 18 de Ética Profesional <u>y, por tal razón, recomendó la desestimación y el archivo de la querella</u>.

III

Anteriormente hemos analizado la naturaleza de la función encomendada a un Comisionado Especial designado por este Foro para atender una querella incoada contra un abogado. A esos efectos, hemos determinado que corresponde al Comisionado Especial recibir la prueba, así como evaluar y dirimir la evidencia conflictiva. *In re* Morales Soto, 134 D.P.R. 1012 (1994). En ese sentido, el Comisionado ocupa el papel del juzgador de instancia y, por lo tanto, está en mejor posición para aquilatar la

prueba testifical. *Ibid.* Es por ello que sus determinaciones de hecho basadas en dicha prueba testifical merecen nuestra mayor deferencia. *In re* Soto López, 135 D.P.R. 642 (1994).

Ello no obstante, hemos expresados en diversas ocasiones que este Tribunal no está obligado a aceptar el informe del Comisionado Especial nombrado para atender la querella contra un abogado; esto es, podemos adoptar, modificar o rechazar tal informe. Véase: *In re* Sepúlveda Valentín, res. el. 27 de septiembre de 2001, 2001 TSPR 137; *In re* López de Victoria Brás, 135 D.P.R. 688 (1994); *In re* Soto López, 135 D.P.R. 642 (1994); Vélez Ruíz v. E.L.A., 111 D.P.R. 752 (1954). Hemos señalado, sin embargo, que si las determinaciones de hecho contenidas en el informe del Comisionado Especial están sostenidas por la prueba obrante en autos, no alteraremos las mismas ausente una demostración de prejuicio, parcialidad o error manifiesto por parte de éste. *In re* Soto Colón, res el. 9 de noviembre de 2001, 2001 TSPR 166; *In re* Arroyo Fernández, 133 D.P.R. 364 (1993); *In re* Rivera Arvelo y Ortiz Velázquez, 132 D.P.R. 840 (1993); *In re* Coltón Fontán, 128 D.P.R. 1 (1991).

Un examen minucioso del expediente de este caso revela que ciertas determinaciones de hecho del Comisionado no hayan apoyo en la prueba que obra en autos. En primer lugar, del expediente del caso surge claramente que la moción de desestimación, la cual no fue contestada

por la abogada querellada, claramente se refería a la falta de radicación de los informes requeridos por la Ley de Quiebras, ante. Dicha moción <u>no</u> se fundamentó, como expresa el Comisionado en su informe y como explica la querellada en su contestación a la querella, en la falta de asumir cierto contrato de arrendamiento. Es por ello que la razón que detalla el Comisionado y la querellada para <u>no</u> haber contestado la moción de desestimación --que el contrato de arrendamiento no se iba a asumir-- <u>no</u> justifica en forma alguna la falta de contestación a la moción de desestimación.

De igual forma, precisa señalar que este Tribunal en diversas ocasiones ha establecido que cuando un cliente no entrega los documentos pertinentes y necesarios para la tramitación de un caso <u>un abogado no puede cruzarse de brazos</u>. Véase: *In re* Guadalupe, res. el 19 de septiembre de 2001, 2001 TSPR 128; *In re* Cruz Tollinche, 112 D.P.R. 699 (1982). Hemos señalado que cuando un cliente no coopera con el abogado el curso a seguir debe ser la renuncia a su representación legal. *Ibid.* Somos del criterio que el hecho de que, en el presente caso, la desestimación de la petición de quiebras aparentemente se debió a la falta de cooperación de la querellante <u>no</u> excusa totalmente a la abogada de responsabilidad por la falta de diligencia desplegada en este asunto.

Del expediente surge que, en relación con la moción de desestimación incoada por el acreedor Western Shopping

Center Norte, Inc., --mediante la cual solicitó la desestimación del caso por falta de radicación de los informes de pasivos y activos de la corporación y los informes de estados de cuenta-- el Tribunal de Quiebras concedió treinta (30) días a la parte deudora para contestar esta moción. De los autos no surge comunicación escrita alguna, de parte de la querellada González Ortiz, requiriéndole a su cliente los referidos documentos como tampoco advertencia alguna a ésta sobre la posible desestimación de su caso. Tampoco surge que la querellada haya solicitado prórroga ante el Tribunal de Quiebras para contestar la referida moción. No podemos avalar la actitud de dejadez de la abogada querellada bajo estas circunstancias.

Del mismo modo, si bien es cierto que la parte querellante no cooperó con la abogada en la forma que debió hacerlo, también es cierto que la querellada no actuó diligentemente al recibir la notificación de que se estaba solicitando la desestimación del caso de quiebras. Si la querellada entendía que le era imposible continuar con el caso por la falta de cooperación de la querellante Pérez Ortiz, el curso de acción a seguir era la renuncia a la representación legal de ésta. *In re* Guadalupe, ante; *In re* Cruz Tollinche, ante. No lo hizo; en su lugar se cruzó de brazos ante la inacción de su clienta dejando así que se desestimara su petición de quiebra. Con este proceder

la querellada violentó las disposiciones del Canon 18 de Ética Profesional, ante.

Considerando, sin embargo, que esta es la primera querella que se radica en contra de esta abogada, consideramos apropiado una mera amonestación a la Lcda. Nydia González Ortiz, advirtiéndole que en el futuro debe ejercer mayor diligencia en la defensa de los intereses de sus clientes. Estamos seguros de que la mera radicación de la querella en su contra debe haber hecho meditar profundamente a la querellada sobre el alcance de su actuación antiética y servirle de experiencia para ser más cuidadosa en el descargo de su responsabilidad profesional futura.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Nydia González Ortiz                    CP-2002-2

SENTENCIA

San Juan, Puerto Rico, a 2 de junio de 2004

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia amonestando a la Lcda. Nydia González Ortiz, advirtiéndole que en el futuro deberá ejercer mayor diligencia en la defensa de los intereses de sus clientes y deberá ser más cuidadosa en el descargo de su responsabilidad profesional futura.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Fuster Berlingeri no intervino.

Patricia Otón Oliveri
Secretaria del Tribunal Supremo