Opinión disidente emitida por el
Juez Presidente Señor Hernández Denton.
Disentimos de la opinión del Tribunal que resuelve archivar la querella presentada contra el Lie. Calixto López González (López González) tras concluir que su conducta, aunque inadecuada, no lo hace indigno de pertenecer al foro. Por entender que la actuación del López González de expedir un cheque sin fondos e ignorar varios requerimientos de pago cursados por el acreedor podría configurar una actuación delictiva(1) y que, además, denota irresponsabilidad y desidia, no podemos suscribir la opinión del Tribunal. Sostenemos que este tipo de conducta, capaz de *580 desembocar en una convicción criminal, debe ser sancionada por este Foro.
I
La conducta de López González tuvo lugar en el ámbito de su vida privada. No obstante, ello no significa que este Tribunal esté impedido de sancionarlo por violación a los postulados éticos que rigen la profesión. Hemos resuelto que no existe dicotomía alguna entre la vida cotidiana del abogado y el ejercicio de su profesión. In re Sepúlveda Girón, 155 D.P.R. 345 (2001). Por ende, un abogado debe conducirse en su vida privada conforme a los principios que emanan del Código de Ética Profesional.
Ahora bien, no nos incumbe cualquier tipo de conducta privada del abogado, sino aquella que lo haga indigno de pertenecer al foro o que afecte sus cualidades morales. In re Sepúlveda Girón, supra; Colegio de Abogados de P.R. v. Barney, 109 D.P.R. 845 (1980).
Aclarada nuestra facultad para sancionar a un abogado por actuaciones cometidas en su vida privada, pasemos a examinar los cánones cuya violación se imputa a López González.
II
El Canon 35 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, que requiere sinceridad y honradez en las actuaciones del abogado ante los tribunales y para con sus clientes, se extiende a la vida privada del abogado. Dicho deber se exige en aras de preservar el honor y la dignidad de la profesión, ya que el compromiso de un abogado con la verdad debe ser siempre incondicional. In re Fernández de Ruiz, 167 D.P.R. 661 (2006). Reiteramos que la verdad es un atributo inseparable de ser abogado y, sin ésta, la profesión jurídica no podría justificar su existencia. In re Mar *581 tínez, Odell II, 148 D.P.R. 636 (1999). Tal deber se infringe con el simple hecho de faltar a la verdad, independiente de los motivos que tenga el abogado. In re Astacio Caraballo, 149 D.P.R. 790 (1999).
Por otro lado, el Canon 38 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, impone el deber de exaltar el honor y la dignidad de la profesión.(2) Como mencionamos anteriormente, dicho deber también se extiende a la vida privada. Ello es así ya que el abogado es un espejo que refleja la imagen de la profesión y, por ende, debe actuar en todas sus facetas con el más escrupuloso sentido de responsabilidad que impone la función social que ejerce. In re Quiñones Ayala, 165 D.P.R. 138 (2005). Así, exigimos de los abogados una conducta superior a lo establecido en los cánones del Código de Ética Profesional con el fin de que sean reflejo del más alto calibre de excelencia humana. In re Nogueras Cartagena, 150 D.P.R. 667 (2000). Cónsono con lo anterior, el Canon 38, supra, requiere evitar hasta la apariencia de conducta impropia. In re Vega Morales, 167 D.P.R. 331 (2006).
Por último, es norma reiterada que le corresponde al Comisionado Especial recibir la prueba y dirimir la evidencia conflictiva. In re Morales Soto, 134 D.P.R. 1012 (1994). En dicha función, el Comisionado Especial desempeña un deber similar al juzgador de instancia y está en mejor posición para aquilatar la prueba testifical. Por consiguiente, sus determinaciones fácticas merecen nuestra deferencia. In re Soto López, 135 D.P.R. 642 (1994). Conforme lo anterior, aunque este Tribunal no está obligado a aceptar el informe de un Comisionado Especial, de ordinario sostene *582 mos sus conclusiones de hecho, salvo cuando se demuestra prejuicio, parcialidad o error manifiesto. In re Morell Corrada, 161 D.P.R. 349 (2004); In re Soto López, supra.
Ill
La opinión mayoritaria del Tribunal, descartando el informe del Comisionado Especial asignado al caso, resuelve archivar la querella contra López González, ya que —a su entender— la actuación de este último no lo hace indigno de pertenecer al foro. Asimismo, concluye que imponer sanciones en un caso como éste sería ampliar excesivamente el alcance de los Cánones 35 y 38 del Código de Ética Profesional, supra. No estamos de acuerdo.
Entendemos que la conducta de López González de ex-pedir un cheque sin fondos e ignorar varios requerimientos de pago podría configurar una actuación delictiva y, además, denota irresponsabilidad y desidia. Por consiguiente, no cabe duda de que tal actuación se aparta de los postulados éticos que rigen la profesión.
Aclaramos que, en este caso, la conducta de López González no sólo consistió en entregar un cheque sin fondos, sino en negarse a pagar la deuda luego de ser interpelado por la Cooperativa de Ahorro y Crédito de Quebradillas (Cooperativa) en varias ocasiones. De las determinaciones de hecho de la Comisionada Especial surge que la Cooperativa le cursó varios requerimientos de pago a López González. Asimismo, presentó una querella criminal ante el cuartel de la Policía de Puerto Rico. Fue en ese momento cuando López González se comprometió al pago de la deuda para evitar un proceso penal en su contra. Finalmente, y como consecuencia de su reiterado incumplimiento, la Cooperativa presentó una demanda en cobro de dinero contra de López González. Éste nunca compareció a los tribunales.
A la luz de lo anterior, entendemos que la conducta de López González violentó los Cánones 35 y 38 del Código de Ética Profesional, supra. En cuanto al Canon 38, supra, *583 que prohíbe la apariencia de conducta impropia y obliga a la exaltación del honor y la dignidad, concluimos que resulta altamente impropio incurrir en una conducta que podría estar sujeta a sanciones penales. Entendemos que tal conducta lacera la imagen que tiene la ciudadanía de la profesión legal. Esto, claramente, pone en duda la condición moral de López González como abogado.
Por otro lado, López González no fue sincero cuando entregó un cheque sin fondos. Sobre este particular, acogemos las determinaciones de la Comisionada Especial en cuanto a que López González sabía o debía saber este hecho.(3) Asimismo, faltó a su deber de honradez y sinceridad cuando incumplió con el compromiso asumido en el cuartel de la policía de pagar la deuda. Nos reiteramos en cuanto a que para configurar una violación al Canon 35, supra, es suficiente con el simple hecho de faltar a la verdad.
Finalmente, no vemos razón para apartarnos de las determinaciones de la Comisionada Especial en cuanto a que López González infringió los Cánones 35 y 38 del Código de Ética Profesional, supra. Reiteramos que las determinaciones y conclusiones del Comisionado Especial merecen nuestra deferencia. En su informe, la Comisionada Especial concluyó que López González actuó con indiferencia ante las múltiples solicitudes que le hiciera la Cooperativa y demostró poca sinceridad al saldar una deuda con un cheque sin fondos suficientes. De igual forma, violentó el deber de sinceridad y honradez al no cumplir con el compromiso asumido con la Cooperativa y con la fiscalía de pagar la deuda.
Por los fundamentos expuestos, disentimos de la opinión mayoritaria, ya que sancionaríamos a López González por infringir los Cánones 35 y 38 del Código de Ética Profesional, supra.

 Del Informe del Comisionado Especial designado al caso se desprende que en la Sentencia de 5 de marzo de 2002, Caso Civil Núm. A1CI200100544, sobre cobro de dinero contra López González, se manifestó que las actuaciones de López González fueron contrarias a las disposiciones penales de Puerto Rico.

 Dicho canon dispone lo siguiente:
“El abogado deberá esforzarse, al máximo de su capacidad, en la exaltación del honor y la dignidad de su profesión, aunque el así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta profesional impropia. ...
“Por razón de la confianza en él depositada como miembro de la ilustre profesión legal, todo abogado, tanto en su vida privada como en el desempeño de su profesión, debe conducirse en forma digna y honorable. ...” 4 L.P.R.A. Ap. Di, C. 38.

 No podemos perder de vista que el cheque era por la cantidad de $8,101.44