*In re* JUAN DE LA CRUZ RÍOS RIVERA, querellado.

*Número:* CP-96-6          *Resuelto:* 24 de noviembre de 1998

*Carlos Lugo Fiol, Procurador General, Edda Serrano Blasini, Subprocuradora General,* e *Yvonne Casanova Pelosi, Procuradora General Auxiliar,* querellantes; *Hernán Cortés Torres,* abogado del querellado; *Rodolfo Cruz Contreras,* Comisionado Especial.

PER CURIAM: Examinadas las conclusiones de hecho formuladas por el Comisionado Especial, Hon. Rodolfo Cruz Contreras, las cuales fueron sometidas ante este Foro en su informe sobre las alegadas violaciones al Canon 34 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, imputadas

al querellado, Lic. Juan de la Cruz Ríos Rivera, se exonera al querellado de las violaciones imputadas.

I

El 10 de julio de 1992 el Lic. Máximo Ruidíaz presentó una queja ante el Juez Administrador del Centro Judicial de Carolina sobre la supuesta práctica ilegal de la profesión de varios abogados que postulaban ante dicho foro, al incurrir en la práctica de gestionar directamente o a través de otras personas, reclamaciones en las cuales intervenir. Como resultado de tal queja, el Juez Administrador refirió a este Foro dicha comunicación y el resultado de una investigación interna que se realizó en dicho Centro Judicial.

De dicha investigación, así como de una investigación realizada por el Procurador General, surgió que varios abogados postulantes utilizaban los servicios de los Sres. Goyo Viera y Ángel Baliñas para lograr acceso a clientes potenciales en los pasillos del Centro Judicial de Carolina.

El 27 de diciembre de 1993, el Procurador General presentó un informe ante este Foro sobre la conducta profesional del Lic. Juan de la Cruz Ríos Rivera, en el cual consideraba que el licenciado Ríos Rivera había incurrido en conducta que violaba el Canon 34 del Código de Ética Profesional, *supra*, el cual prohíbe que un abogado, actuando directamente o a través de intermediarios o agentes, haga gestiones para proporcionarse casos o reclamaciones en que intervenir o para proporcionarlos a otros abogados. Canon 34, *supra*. Se le imputó específicamente haber utilizado los servicios de los Sres. Goyo Viera y Ángel Baliñas, quienes se dedicaban a buscar clientes potenciales en los pasillos del Centro Judicial de Carolina, y proporcionarse así reclamaciones en las cuales intervenir.

El 19 de abril de 1994 ordenamos al Procurador General presentar la querella correspondiente. El 1ro de junio de

1996, el querellado, en su contestación, negó los hechos imputados y solicitó el archivo de la querella. En virtud de lo anterior, el 21 de junio nombramos como Comisionado Especial al Lic. Rodolfo Cruz Contreras para que recibiera y escuchara la prueba presentada por las partes y rindiera un informe ante este Tribunal con las determinaciones de hecho que entendiera procedentes.

Luego de varias conferencias con antelación a la vista, y la estipulación de parte de la prueba, se celebró vista a fondo el 11 de febrero de 1998. En dicha vista se presentaron varios testigos. El Comisionado Especial ordenó la transcripción de la evidencia y notificó a las partes sobre su oportunidad para presentar objeciones a dicha transcripción. Ninguna de las partes presentó objeción alguna.

El 24 de marzo de 1998, el Comisionado Especial presentó su informe. De las conclusiones de hecho a las que llegó, luego de analizar toda la prueba presentada y estipulada, concluyó que, aunque existía la práctica de solicitar clientes en los pasillos del Centro Judicial de Carolina, no existía evidencia que vinculara al querellado con lo imputado en el cargo. Consideró que ninguno de los testigos presentados aportó prueba que demostrara que el querellado utilizó los servicios de los señores Viera y Baliñas para obtener clientes.

El Procurador General presentó, el 14 de abril de 1998, su oposición a algunas de las conclusiones de hecho formuladas por el Comisionado Especial. Con el beneficio de ambos escritos procedemos a resolver.

## II

Anteriormente hemos analizado la naturaleza de la función encomendada a un Comisionado Especial designado por este Foro para atender una querella incoada con-

tra un abogado. Hemos determinado que corresponde al Comisionado Especial recibir prueba y evaluar y dirimir la evidencia conflictiva. *In re Morales Soto*, 134 D.P.R. 1012 (1994). El Comisionado ocupa el papel del juzgador de instancia y, por lo tanto, está en mejor posición para aquilatar la prueba testifical. Íd., pág. 1016. Es por esta razón que sus determinaciones al evaluar esa prueba merecen nuestra mayor deferencia. *In re Soto López*, 135 D.P.R. 642 (1994).

Hemos reiterado que aunque este Foro no está obligado a aceptar el informe de un Comisionado Especial nombrado para atender una querella contra un abogado, pudiendo este Tribunal adoptar, modificar o rechazar tal informe, no alteraremos las conclusiones de hecho de un Comisionado Especial, salvo que se demuestre prejuicio, parcialidad o error manifiesto. *In re Soto López*, supra, pág. 646.

Un examen cuidadoso del expediente de este caso, incluso la transcripción de la evidencia, revela que las determinaciones de hecho del Comisionado se sostienen de la prueba que tuvo ante sí. En aquellas situaciones de testimonio conflictivo, el Comisionado adjudicó, como le correspondía, la cuestión de credibilidad. *In re Morales Soto*, supra, págs. 1016–1017.

Nada hay ante nos que demuestre que hubo prejuicio, parcialidad o error manifiesto en las determinaciones de hecho a que llegó el Comisionado. Por lo tanto, no existe razón alguna para intervenir, y menos aun para alterar, la expresa determinación del Comisionado Especial a los efectos de que nada en el testimonio de los testigos lleva a concluir que el licenciado Ríos Rivera cometió los hechos imputados en la querella presentada.

En consecuencia y por las razones expresadas, procede exonerar al querellado de las violaciones imputadas.

*Se dictará la sentencia correspondiente.*