EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Hon. Juan Maldonado Torres, <br> Juez del Tribunal de Primera Instancia | 2000 TSPR 190 |

Número del Caso: AD-1999-01

Fecha: 20/diciembre/2000

Oficina de Administración de los Tribunales:

Lcdo. Reinaldo González Colón
Oficina de Asuntos Legales

Abogada de la Parte Querellada:

Lcda. Laura E. Nieves de Van Rhyn

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Hon. Juan Maldonado Torres,
Juez del Tribunal de Primera
Instancia                          AD-1999-01

PER CURIAM

San Juan, Puerto Rico, a 20 de diciembre de 2000

El Lcdo. Juan Maldonado Torres fue nombrado Juez Superior el 28 de marzo de 1995. Para el 31 de agosto de 1998, ejercía sus funciones en la Sala 504 --sobre asuntos civiles-- del Centro Judicial de Bayamón. Ese día fue llamado el caso Francisco Acevedo Soto, et. al. v. Gilberto Román Cruz, et. al., Civil Núm. DAC 93-0707, con el fin de discutir una moción presentada por una de las partes. El Lcdo. Jorge Calero Blanco compareció en representación de los demandantes. Por su parte, la parte demandada estuvo representada por los licenciados Elliot Merced Montañez y Oscar Pintado Rodríguez.

Durante la vista, el Lcdo. Calero Blanco señaló que, en esos momentos, se encontraba pendiente de resolución un recurso de certiorari ante el Tribunal de Circuito de Apelaciones, referente el mismo a una sentencia parcial emitida en el caso por el magistrado que presidía los procedimientos, Hon. Juez Maldonado Torres, el cual recurso había sido radicado ante el foro apelativo intermedio por la parte demandada. El Hon. Juez Maldonado se dirigió, entonces, al Lcdo. Pintado, solicitando de éste que se expresara al respecto. Según surge de la grabación y de la transcripción de la vista, el diálogo fue el siguiente:

"HON. JUEZ:
Bueno licenciado, y usted, ¿qu[é] dice?

LCDO. PINTADO TORRES [sic]:
No, el caso está sometido, Su Señoría al Apelativo.

HON. JUEZ:
Al [A]pelativo.

LCDO. MERCED MONTAÑEZ:
Eso es así, Vuestro Honor.

LCDO. PINTADO RODRIGUEZ:
Esperando sentencia.

HON. JUEZ:
Este caso data de mil novecientos noventa y tres.

LCDO. PINTADO TORRES [sic]:
Umjú...

HON. JUEZ:
Y están en el [A]pelativo ahora. Quiero darle la noticia siguiente a los compañeros, tan pronto como el Apelativo decida, una cuestión o la otra, vamos a ver el caso inmediatamente.

LCDO. CALERO BLANCO:
Muy bien.

HON. JUEZ:
No hay tiempo para, ya lo sabe que se estén preparando, mientras esté en el Apelativo síganse preparando.

LCDO. PINTADO TORRES [sic]:
Esperamos que no, Su Señoría.

HON. JUEZ:
Ah!

LCDO. PINTADO TORRES [sic]:
Esperamos que no.

HON. JUEZ:

Eso espera usted. Pero nosotros no vamos a esperar igual que Usted, verdad, Ja. Ja. Ja.

LCDO. PINTADO TORRES [sic]:
Lo van a revocar, lo van a revocar.  Esperamos que lo revoquen.

HON. JUEZ:
Sí.

LCDO. CALERO BLANCO:
No hay problema.

HON. JUEZ:
Este ... ¿Cómo es el nombre suyo licenciado?

LCDO. PINTADO RODRIGUEZ:
Oscar Pintado Rodríguez.

HON. JUEZ:
Bueno, voy a dejar pasar porque hoy es lunes pero ... su actitud no me gusta mucho, sabe [l]icenciado.

LCDO. PINTADO RODRIGUEZ:
Pero yo no le dije nada malo.

HON. JUEZ:
No, no, usted le está faltando el respeto al Tribunal y me hace el favor y se calla la boca.

LCDO. PINTADO RODRIGUEZ:
No, no.

HON. JUEZ:
Se calla la boca, le está faltando el respeto a este Tribunal o va, va... va a incurrir en desacato sumario.

LCDO. PINTADO RODRIGUEZ:
Pero yo no le estoy diciendo a usted...

HON. JUEZ:
Sí, eso de que nos revoquen no es así.

LCDO. PINTADO RODRIGUEZ:
Es que...

HON. JUEZ:
Hágame el favor, licenciado, se calla la boca.

LCDO. PINTADO RODRIGUEZ:
Su Señoría...

HON. JUEZ:
Licenciado, se calla la boca, me hace el favor. Puede retirarse. Puede retirarse, le dije. Puede retirarse, licenciado." (Enfasis suplido.)

El Lcdo. Pintado solicitó de la Administración de los Tribunales que investigara el asunto por entender que la conducta del Juez Maldonado Torres fue una desproporcionada, atropellante y arbitraria. Adujo que la misma provocó que se sintiera humillado, agredido, intimidado y maltratado. Ante

tal situación, el 19 de enero de 1999 la Administradora de Tribunales, Lcda. Mercedes M. Bauermeister, remitió a la Comisión de Disciplina y de Separación del Servicio por Razón de Salud de Jueces el informe investigativo, preparado por la Administración, sobre la conducta del Juez Maldonado.

El 16 de febrero de 1999, el Comisionado Asociado Carlos I. Gorrín Peralta emitió un informe donde determinó que existía causa probable contra el Juez Maldonado Torres por violación a los Cánones I, XVI y XVII de Etica Judicial. En virtud de este informe, la Comisión dictó una resolución requiriendo del Procurador General que radicara los cargos correspondientes. Este último, según intimado en la resolución, presentó la querella imputándole al Hon. Juez Maldonado Torres los siguientes cargos:

PRIMER CARGO

"El Honorable Juan Maldonado Torres incurrió en conducta impropia contraria al Canon XVI de Etica Judicial el cual, entre otras cosas, obliga a todo juez a ser considerado y respetuoso con los abogados.

SEGUNDO CARGO

El Honorable Juan Maldonado Torres incurrió en conducta impropia contraria al Canon XVII de Etica Judicial el cual, entre otras cosas, obliga a todo juez a que en el curso de los procedimientos judiciales mantenga su actitud general y sus manifestaciones dentro de la debida propiedad y circunspección sin mostrar impaciencia o severidad excesiva y hasta donde sea posible, censurar la conducta de los abogados con moderación y ecuanimidad."[1]

El 13 de abril de 1999, el Juez Maldonado Torres contestó la querella, negando haber violado los Cánones de Etica Judicial, por lo que solicitó la desestimación de la acción disciplinaria. El 1 de marzo de 2000 la Comisión presentó su informe. Concluyó ––luego de considerar detenidamente las

---

[1] **El 7 de abril de 1999, la Oficina del Procurador General solicitó a la Comisión que le relevara de la representación legal del interés público en el caso de autos, según establecido en la Resolución emitida por este Tribunal el 5 de marzo de 1999. Mediante dicha resolución fueron enmendadas las Reglas de Procedimiento ante la Comisión a los efectos de relevar al Procurador General de los procedimientos disciplinarios presentados ante este foro. Tal petición fue declarada con lugar, por lo que la División de Asuntos Legales de la Oficina de Administración de los Tribunales compareció en todos los procedimientos pendientes ante la Comisión.**

alegaciones, las estipulaciones, y la prueba documental y testifical que hicieron y presentaron las partes-- que la conducta exhibida en sala por el Juez Maldonado Torres contra el Lcdo. Pintado, era contraria a los Cánones XVI y XVII de Etica Judicial. En consecuencia, le recomendó a este Tribunal que, como medida disciplinaria, amonestara al referido magistrado. Estando en condiciones de resolver, procedemos a así hacerlo.

I

El Art. V, Sec. 11, de la Constitución del Estado Libre Asociado de Puerto Rico establece:

"Los jueces del Tribunal Supremo podrán ser destituidos por las causas y mediante el procedimiento que esta Constitución establece en la Sección 21 del Artículo III. Los jueces de los demás tribunales podrán ser destituidos por el Tribunal Supremo por las causas y mediante el procedimiento que se disponga por ley." (Énfasis nuestro.)

Como podemos notar, la transcrita disposición constitucional confirió a este Tribunal la facultad de destituir los jueces de los "demás tribunales", modificando así el sistema prevaleciente para ese entonces.[2] Ello no obstante, encomendó a la Rama Legislativa la tarea de establecer las causales y el procedimiento para que proceda tal destitución. En virtud de ello, y para dar cumplimiento al mandato constitucional, la Asamblea Legislativa aprobó la Ley de la Judicatura de 1952, Ley Núm. 11 de 24 de julio de 1952.[3] Véase también Negrón Portillo, Etica y Disciplina Judicial, 1987, pág. 15.

Actualmente, una de las causas para iniciar un procedimiento disciplinario contra un juez del Tribunal de Primera Instancia o del Tribunal de Apelaciones, es que se le impute, mediante declaración jurada escrita, haber violado los Cánones de Etica Judicial. 4 L.P.R.A. sec. 232(b). Dichos

_____

[2] **Antes de la aprobación de la Constitución de Puerto Rico y de la Ley de la Judicatura de 1952, los jueces de distrito y municipales podían ser destituidos solamente por el gobernador. Negrón Portillo, Etica y Disciplina Judicial, 1987, págs. 16-17.**

Cánones fueron aprobados por este Tribunal el 24 de septiembre de 1957, con el propósito de regir la conducta de los miembros de la judicatura, pues "la naturaleza e importancia de sus funciones como intérpretes del derecho y guardianes de la justicia imponen la necesidad de unas normas de conducta especiales, de unos estándares de ética particulares que recojan el 'ser' y el 'deber ser' de la judicatura" (Enfasis nuestro). Secretariado de la Conferencia Judicial, La Judicatura Puertorriqueña, 1981, pág. 147-48.[4] Esta facultad fue otorgada por la Ley Núm. 25 de 20 de abril de 1945. 4 L.P.R.A. sec. 3.

Los cánones vigentes fueron el resultado de las observaciones y recomendaciones de un amplio sector de la comunidad jurídica. Significan la recopilación, de forma concreta y particular, de unos valores y principios morales comprendidos en la base misma de nuestra cultura. Véase: Secretariado de la Conferencia Judicial, ante, pág. 149. En esencia recogen, primero, los problemas que afectan a los tribunales y, segundo, la situación social imperante en nuestra Isla. Véase: Comisión a Cargo de la Revisión de los Cánones de Etica Judicial de Puerto Rico, Informe de la Comisión y Proyecto de Cánones, 1976, pág. v.

A pesar de que algunas personas consideran que estas normas disciplinarias son muy rígidas, las mismas son indispensables para nuestro sistema judicial. La confianza del pueblo en la justicia exige que los jueces no sólo actúen correctamente, sino también que promuevan la impresión de que actúan conforme a los más altos niveles de principios morales.[5] Véase:

---

[3] **Mediante esta legislación, la Legislatura creó las causales y el procedimiento disciplinario para que proceda la destitución de un juez inferior.**

[4] **Adviértase que los jueces también están obligados a cumplir con los Cánones de Etica Profesional. Su incumplimiento dará lugar a que se inicie un procedimiento disciplinario en su contra. 4 L.P.R.A. sec. 232(b).**

[5] **La confianza de la sociedad en el sistema de justicia depende en gran medida de la confianza que se tenga en los hombres que tienen la responsabilidad de impartirla. Secretariado de la Conferencia Judicial, ante, pág. 147. Véase también Warren E. Burger, Ethics in the Courts: Policing in the Federal Judiciary, Introducción, 1990, pág. x.**

Secretariado de la Conferencia Judicial, ante, pág. 149. "Solamente una judicatura que sea independiente, honesta y capacitada y que tenga y merezca la confianza pública puede mantener la administración de la justicia en el lugar preeminente que demanda nuestro sistema político." Véase: Comisión a Cargo de la Revisión de los Cánones de Etica Judicial de Puerto Rico, ante, 1976, pág. vi.

Estos principios están recopilados en el Canon I de Etica Judicial, 4 L.P.R.A. Ap. IV-A, el cual dispone:

> "La fe de un pueblo en la justicia, como valor esencial de la democracia, como valor esencial de la democracia, debe ser mantenida por los tribunales a los más altos niveles de la responsabilidad pública.
>
> En el ejercicio de su delicada función, aquéllos llamados a impartir justicia, conscientes de la posición que ocupan en la sociedad y de la trascendencia de su misión, deben velar por que sus actuaciones respondan a normas de conducta que honren la integridad e independencia de su ministerio y estimulen el respeto y la confianza en la judicatura."

## II

En el caso ante nos, la antes citada Comisión de Disciplina concluyó que el Hon. Juez Maldonado Torres violó los Cánones XVI y XVII. El primero de ellos establece, en lo que aquí respecta, que "[e]l Juez debe ser considerado y respetuoso con los abogados, especialmente con aquellos que comienzan a ejercer la profesión." (Enfasis nuestro).

Por su parte, el Canon XVII dispone:

> "El Juez dirigirá los trabajos del tribunal con orden y decoro y estará alerta contra todo proceder que pueda afectar la dignidad y el respeto debidos al tribunal. Intervendrá para impedir cualquier conducta impropia de las partes, los abogados o cualquiera otra persona, y tomará la acción que en su discreción proceda de acuerdo con la ley, los cánones de ética profesional y las mejores tradiciones del sistema judicial.
>
> En el curso de los procedimientos judiciales, el Juez mantendrá su actitud general, sus manifestaciones y el tono de su voz dentro de la debida propiedad y circunspección sin mostrar impaciencia o severidad excesivas...." Enfasis nuestro.

Ambas disposiciones regulan el comportamiento de los jueces en sala. Al respecto, el Prof. Negrón Portillo ha señalado que "[u]na de las cosas que posiblemente más contribuye a elevar o erosionar el respeto, prestigio

y estimación por nuestra Judicatura es la forma" en que los jueces se conducen en sala. Negrón Portillo, ante, pág. 136.

Los jueces son responsables, en unión a los abogados, de preservar la dignidad de los procedimientos judiciales mediante la aplicación de normas de urbanidad y respeto mutuo, evitando así cualquier tipo de conducta que lesione el decoro y la solemnidad que deben existir en toda sala de justicia. *In re* Andréu Ribas, 81 D.P.R. 90, 121 (1959). Tales estándares de comportamiento deben prevalecer aun en situaciones donde el juez se enfrente a personas irrespetuosas, incapacitadas, altaneras o irresponsables. El hecho de que el juez sea provocado no debe llevar a éste a descender al nivel de su interlocutor, sino que su alto ministerio exige un supremo esfuerzo por conservar la serenidad. Negrón Portillo, ante, pág. 138. Como indicáramos en *In re* Becerra, 104 D.P.R. 521, 522 (1976), todos los jueces deben actuar con prudencia y circunspección, atributos indispensables de un buen juez.

Esto no significa que el magistrado esté desprovisto de remedio alguno para vindicar la dignidad del tribunal; éste, naturalmente, tiene a su alcance el mecanismo del desacato, tanto el civil como el criminal. Pueblo v. Vega, Jiménez, 121 D.P.R. 282, 289 (1988). Además, podrá acudir también a cualquier otra medida establecida por ley o avalada por las mejores tradiciones del sistema judicial. Véase Canon XVII de Etica Judicial.

Finalmente, debemos señalar que el respeto a los tribunales no implica el establecimiento de una censura previa. Por el contrario, la crítica sana y oportuna hacia la Rama Judicial es una herramienta necesaria para sujetar a los jueces al estricto cumplimiento de sus funciones. Sin embargo, tales críticas no pueden traspasar los límites de la civilidad y corrección, actitudes o conducta que los jueces no vienen obligados a tolerar. *In re* Cardona Alvarez, 116 D.P.R. 895, 904-905 (1986).


III

Como norma general, no habremos de alterar las determinaciones de hecho de la Comisión de Disciplina y de Separación del Servicio por Razón de Salud de Jueces, excepto en aquellos casos en que se demuestre parcialidad,

prejuicio o error manifiesto. No obstante, no estamos obligados a acoger en su totalidad el informe que dicha Comisión nos remita. *In re* Moreira Avillán, res. el 13 de noviembre de 1998, 98 TSPR 152; *In re* Soto López, 135 D.P.R. 642, 646 (1994).

Un examen de la grabación de los procedimientos revela que fueron las expresiones, hasta cierto punto innecesarias, del Lcdo. Pintado, a los efectos de que "[l]o van a revocar, lo van a revocar [,] esperamos que lo revoquen", las que provocaron una reacción inapropiada del magistrado; perdiendo éste su compostura, lo cual causó que se dirigiera al abogado en un tono de voz extremadamente fuerte e innecesario. Los magistrados de instancia deben tener presente que todo juez debe mantener la calma siempre, aun ante conducta inapropiada de parte de los abogados, los testigos o las partes. El magistrado que preside los procedimientos debe servir de ejemplo para todos en todo momento.

En síntesis, un análisis de los hechos particulares del caso nos lleva a concluir que la conducta incurrida por el Hon. Juez Maldonado Torres resulta violatoria de las disposiciones del Canon XVII de Etica Judicial. Ello no obstante, somos de la opinión que dicha conducta únicamente amerita una simple amonestación por parte de este Tribunal.[6] Se apercibe al referido magistrado para que en el futuro controle mejor sus emociones y para que actúe siempre con cortesía con todas las personas que acudan a la sala donde él ejerce su delicado ministerio de impartir justicia.

Se dictará Sentencia de conformidad.

---

[6] **Debe enfatizarse el hecho de que el Juez Maldonado Torres, en ningún momento, utilizó palabras despectivas ni tomó acción injustificada alguna contra el Lcdo. Pintado en relación con el referido incidente.**

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Hon. Juan Maldonado Torres,
Juez del Tribunal de Primera
Instancia                        AD-1999-01

SENTENCIA

San Juan, Puerto Rico, a 20 de diciembre de 2000

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia amonestando al Hon. Juan Maldonado Torres y apercibiendo a éste para que en el futuro controle mejor sus emociones y para que actúe siempre con cortesía con todas las personas que acudan a la sala donde él ejerce su delicado ministerio de impartir justicia.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rivera Pérez entiende que las expresiones del licenciado Oscar Pintado Rodríguez, además de innecesarias podrían constituir una conducta impropia, violatoria de los Cánones de Etica Profesional, que ameritan se refiera ese asunto a la Oficina del Procurador General de Puerto Rico para investigación e informe. El Juez Asociado señor Fuster Berlingeri no intervino.

Isabel Llompart Zeno
Secretaria del Tribunal Supremo