EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br><br><br>Rafael Vissepó Vázquez | 2016 TSPR 211<br><br>196 DPR \_\_\_\_ |

Número del Caso: AD-2014-3


Fecha: 7 de octubre de 2016


Abogados del Querellado:

      Lcdo. Guillermo Figueroa Prieto
      Lcdo. Mario Rodríguez Torres


 Oficina de Asuntos Legales
 Oficina de Administración de los Tribunales:

      Lcda. Cristina Guerra Cáceres
      Directora

      Lcdo. Felix Fumero Pugliesi
      Lcdo. Juan Carlos Corchado Cuevas


Comisión de Disciplina Judicial:

      Hon. Aída N. Molinary de la Cruz, Presidenta
      Lcda. Delia Lugo Bougal
      Lcda. Evelyn Benvenutti Toro
      Sra. Carmen E. Sierra Corredor


Materia: Resolución con Voto Concurrente


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re:

Rafael Vissepó Vázquez                    AD-2014-3

RESOLUCIÓN

San Juan, Puerto Rico, a 7 de octubre de 2016.

El Hon. Rafael Vissepó Vázquez (Juez Vissepó Vázquez) ocupa el cargo de Juez Superior desde el 1997. Durante este tiempo, se ha desempeñado como Juez Superior en las regiones judiciales de Carolina, Fajardo, Arecibo, Humacao y Caguas. Además, ha fungido como Juez Administrador en distintas regiones judiciales. Éste fue objeto de un proceso disciplinario por unos hechos ocurridos durante la celebración de una vista transaccional celebrada el 4 de noviembre de 2013, en un caso de liquidación de bienes gananciales y unas expresiones emitidas en una resolución inhibitoria de 1 de abril de 2014 y una resolución posterior de 24 de abril de 2014 en el mismo caso.

Mediante los cargos presentados, se le imputó al Juez Vissepó Vázquez conducir una vista transaccional de forma intimidatoria y con evidente hostilidad hacia una de las partes mientras exhibía conducta parcializada y de hermandad hacia la parte contraria. Además, se señaló que intentó forzar una transacción por una suma arbitraria. Asimismo, se afirmó que el Juez Vissepó Vázquez denigró el carácter de la representación legal de una de las partes al tildar las aseveraciones de éstas, en una solicitud de inhibición, como perversas, falsas y sustentadas por la mala fe dirigidas a mancillar reputaciones y atribuibles a una campaña de intimidación. Así las cosas, al Juez Vissepó Vázquez se le atribuyeron violaciones al Préambulo, y a los Cánones 7, 8, 9, 11, 13, 14, 20 y 23 de Ética Judicial, 4 LPRA Ap. IV-B y al Canon 35 del Código de Ética Profesional, 4 LPRA Ap. IX.

Tras los procesos de rigor, y celebradas las vistas evidenciarias los días 17, 18 y 24 de junio de 2015, la Comisión de Disciplina Judicial (Comisión) emitió su informe, en el cual concluyó que los hechos que dieron lugar al procedimiento disciplinario no se ajustan a la realidad de lo ocurrido. Asimismo, concluyó que no hubo prueba clara, robusta y convincente que demostrara la relación de amistad o favoritismo del Juez Vissepó Vázquez con una de las partes, o que intentara forzar una transacción arbitraria que favoreciera a esa parte,

o que actuó con el propósito de desalentar cualquier procedimiento disciplinario en su contra.

De igual forma, y en cuanto a las alegadas expresiones del magistrado durante la vista transaccional, la Comisión expresó que la prueba presentada resultó conflictiva en cuanto al contenido de éstas. A su vez, en torno a las manifestaciones contenidas en las resoluciones del 1 y 24 de abril de 2014, concluyó que el lenguaje utilizado respondió a que el Juez Vissepó Vázquez consideró que las imputaciones eran falsas y dirigidas a atacar su integridad, reputación y temperamento judicial, así como a mancillar la reputación de la Rama Judicial. Sin embargo, la Comisión se limitó a indicar que algunos comentarios y expresiones no fueron prudentes, apartándose de la consideración y respeto de los participantes. En consecuencia, la Comisión entendió que lo expresado por el Juez Vissepó Vázquez constituye una infracción a los Cánones 8, 11, 13 y 14 de Ética Judicial, 4 LPRA Ap. XV-B, y recomendó que fuera censurado enérgicamente.

I

Es norma conocida que la autoridad para atender los procedimientos relacionados con los jueces y juezas de la Rama Judicial corresponde exclusivamente a este Tribunal. Art. V, Sec. 11, Const. de Puerto Rico, LPRA, Tomo 1. Para ello, aprobamos un cuerpo de normas mínimas

que rigen la conducta de los jueces y juezas del sistema judicial. *Véanse*, *In re Acevedo Hernández*, res. 14 de diciembre de 2015, 2015 TSPR 167; 194 DPR ____ (2015); *In re Quiñones Artau*, 193 DPR 356, 376 (2015); *In re Claverol Siaca*, 175 DPR 177, 188 (2009).

En esta encomienda estamos asistidos por la Comisión, la cual realiza la importante función de aquilatar la prueba para formular las determinaciones de hechos, conclusiones de derecho y recomendaciones que estime pertinentes. *In re Ruiz Rivera*, 168 DPR 246, 253 (2006). Así, las determinaciones de hechos que realice merecen nuestra deferencia y no serán alteradas a menos que se demuestre parcialidad, prejuicio o error manifiesto. *Véanse*, *In re Ruiz Rivera*, *supra*, pág. 278; *In re Saavedra Serrano*, 165 DPR 817, 829 (2005); *In re Maldonado Torres*, 152 DPR 858, 869 (2000). Sin embargo, ello no es óbice para que este Tribunal aplique la acción disciplinaria que estime adecuada, por lo que es un precedente arraigado, el que no estamos obligados a aceptar las recomendaciones de la Comisión sobre la querella disciplinaria. *In re Sierra Enríquez*, 185 DPR 830, 853 (2012); *In re Muñoz, Morell*, 182 DPR 738, 749-750 (2011); *In re Hon. Maldonado Torres*, *supra*, pág. 869.

Por otra parte, el proceso disciplinario contra un juez o jueza no es uno liviano. Las repercusiones que éste acarrea son de tal envergadura que trascienden la

figura del juez o jueza y repercuten en la confianza depositada en nuestro sistema judicial. Por ello, nuestro ordenamiento disciplinario exige prueba clara, robusta y convincente de la existencia de las violaciones éticas imputadas para imponer las sanciones disciplinarias que correspondan. *In re* Quiñones Artau, *supra*, pág. 386. Este estándar de prueba es uno intermedio, al ser mayor al de preponderancia de prueba y menos exigente o riguroso que el de prueba más allá de duda razonable. *In re Salas Arana*, 188 DPR 339, 347 (2013). El mismo se cumple cuando la prueba presentada produce en el juzgador de hechos "una convicción duradera de que las contenciones fácticas son altamente probables". *In re Martínez Almodóvar*, 180 DPR 805, 820 (2011).

II

Estudiado el Informe de la Comisión, y examinada la prueba desfilada y las posturas de todas las partes, concluimos que la evidencia presentada no demostró con prueba clara, robusta y convincente las alegaciones que dieron inicio al proceso disciplinario contra el Juez Vissepó Vázquez. Por el contrario, éstas establecen claramente que el magistrado celebró la vista transaccional solicitada con la anuencia de las partes, luego de haber estudiado el expediente y haberse reunido con el Comisionado Especial designado para atender los asuntos pendientes. Asimismo, la evidencia presentada

refleja que su intervención durante la vista transaccional fue a base de las posturas presentadas por las partes. En la celebración de ésta, predominó un ambiente conflictivo, hostil y de discrepancias entre las partes que requirió la intervención del magistrado, a fin de apercibir a los representantes legales sobre su conducta para proseguir con el proceso. No hubo prueba que demostrara una actitud de parcialidad o hermandad por parte del juez hacia alguna de las partes. Lo único que quedó claro fue que el proceso transaccional ocasionó incomodidad o molestia en una de las partes a tal grado de que acordaron solicitar la inhibición del juez y el traslado del caso. Empero, ello no es suficiente y no cumple con el estándar de prueba requerido para imponer una sanción disciplinaria. Al igual que la Comisión, entendemos que la prueba presentada no demostró de forma clara, robusta y convincente que la conducta del Juez Vissepó Vázquez constituyera una infracción a los Cánones 7, 9, 11, 20, y 23.

De otra parte, con relación a las expresiones del Juez Vissepó Vázquez durante la vista transaccional, la prueba presentada fue conflictiva. Ello fue a tal grado, que no se pudo señalar cuáles, en efecto, fueron las expresiones que dan base para la recomendación de una censura enérgica. Igualmente, en cuanto a las manifestaciones contenidas en las resoluciones emitidas

el 1 y 24 de abril de 2014, compartimos la determinación de la Comisión, a los efectos de concluir que éstas responden a una defensa de lo que el magistrado consideró un ataque a su integridad, reputación y temperamento judicial y la de los funcionarios de sala, y a salvaguardar la reputación de la Rama Judicial.

Los jueces y juezas están obligados a hacer ciertos sacrificios en beneficio de enaltecer la integridad e independencia de su ministerio y estimular el respeto y confianza en la Judicatura. *In re* Acevedo Hernández, *supra.* Ahora bien, esa privación no los releva de "su deber de defender y promover la independencia del Poder Judicial como elemento esencial de nuestro sistema de vida democrático", por lo que una expresión "en cumplimiento de ese deber de su cargo, está protegido cabalmente tanto por la Constitución de los Estados Unidos y la del Estado Libre Asociado de Puerto Rico como por los Cánones de Ética Judicial y por el Código de Ética Profesional". *In re* V. Limit. Const., Eticas Judicatura, 136 DPR 693, 693-695 (1994) (Resolución). La ética no se viola cuando las expresiones van dirigidas a defender la integridad e independencia de la Rama Judicial. *Véanse*, *In re* Hernández Torres, 167 DPR 823, 844 (2006); *In re* Solicitud Cepeda García, 130 DPR 18 (1992). Claro está, con ello los jueces y juezas no pueden olvidar que éstos son llamados a dar el ejemplo y que la defensa de la independencia judicial no es una

carta en blanco para atacar la honra y faltar el respeto.

Las expresiones contenidas en las referidas resoluciones, lejos de constituir una afrenta o una falta de respeto y atentado contra la honra, están circunscritas a denunciar que las alegaciones no reflejaban la realidad de lo acaecido en la vista transaccional. Mediante éstas, el Juez Vissepó Vázquez reflejó su inquietud y disposición de enfrentar cualquier aseveración, sin temores, para defender la independencia judicial. Ante ello, entendemos que esas expresiones fueron emitidas en un tono franco y contundente en cuanto a lo que el Juez Vissepó Vázquez entiende es el sentido de justicia. Por ende, consideramos que no se infringieron los Cánones 8, 11, 13 y 14 del Código de Ética Judicial. Por tanto, no procede la imposición de una sanción disciplinaria.

III

Por los fundamentos esgrimidos, se ordena el archivo de la querella presentada.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Colón Pérez emitió un Voto Concurrente al cual se unen la Jueza Presidenta Oronoz Rodríguez y la Juez Asociada señora Rodríguez Rodríguez.


                              Juan Ernesto Dávila Rivera
                          Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Rafael Vissepó Vázquez
Juez Superior

Núm. AD-2014-003

Voto Concurrente emitido por el Juez Asociado SEÑOR COLÓN PÉREZ al cual se unen la Jueza Presidenta ORONOZ RODRÍGUEZ y la Juez Asociada SEÑORA RODRÍGUEZ RODRÍGUEZ.

En San Juan, Puerto Rico a 7 de octubre de 2016.

En reiteradas ocasiones este Tribunal ha resuelto que la carga probatoria aplicable a los procesos disciplinarios contra jueces y juezas consiste en prueba clara, robusta y convincente, no afectada por reglas de exclusión ni a base de conjeturas. *In re Ramos Mercado*, 170 DPR 363, 401 (2007); *In re Ruiz Rivera*, 168 DPR 246, 254 (2006); *In re Caratini Alvarado*, 153 D.P.R. 575 (2001). Véase además, Regla 25 de *Disciplina* Judicial, en *In re Aprobación Reglas*, 164 D.P.R. 137, 157 (2005).

Al presente, "[n]o existe una definición precisa de dicho criterio probatorio. Sin embargo, hemos reconocido que consiste de una carga probatoria mucho

más sólida que la preponderancia de la evidencia, pero menos rigurosa que la prueba más allá de toda duda razonable. También la hemos descrito como aquella [prueba] que produce en un juzgador de hechos una convicción duradera de que las contenciones fácticas son altamente probables". *In re Salas Arana*, 188 DPR 339, 347 (2013) (citas internas y escolios omitidos); *In re Martínez Almodóvar*, 180 DPR 805, 820 (2011); *In re Ruiz Rivera*, *supra*.

Dicho *quantum* de prueba encuentra su razón de ser en que un proceso disciplinario puede tener como resultado la pérdida del título profesional del querellado. Esto es, su derecho fundamental a ganarse su sustento podría verse afectado, por ello, se exige una mayor carga probatoria que la requerida en otros casos civiles. Véanse, *In re Salas Arana*, *supra*, pág. 346; *In re Soto Charraire*, 186 DPR 1019 (2012); *In re Irizarry Vega*, 176 DPR 241 (2009) (resueltos en el contexto de conducta profesional de abogados).

Es, precisamente, la falta de ese quantum de prueba clara, robusta y convincente, la que -- en el proceso disciplinario de epígrafe -- nos mueve a concurrir con lo resuelto por una mayoría de este Tribunal en el día de hoy. Nos explicamos.

## II.

En el presente caso, este Tribunal, mediante Resolución de 10 de julio de 2014, refirió a la Oficina de Asuntos Legales de la Oficina de Administración de

Tribunales (en adelante O.A.T.) una *Orden* emitida por el entonces Juez Administrador de la Región Judicial de Caguas, Hon. Lind O. Merle Feliciano, en la cual solicitaba se iniciara una investigación en contra del Honorable Rafael Vissepó Vázquez. Dicha solicitud de investigación surge como consecuencia de ciertas expresiones verbales vertidas por el juez Vissepó Vázquez durante la celebración de una vista transaccional ante sí, así como por ciertas expresiones escritas que éste hizo constar en dos Resoluciones (una de 1 de abril de 2014 y otra de 24 de abril de 2014) emitidas como parte de dicho pleito.[1]

Iniciada la investigación de rigor, siendo el asunto referido a la Comisión de Disciplina Judicial y luego de varios trámites procesales no necesarios aquí pormenorizar, se autorizó a la O.A.T. la presentación de una querella en contra del juez Vissepó Vázquez por posibles violaciones a los Cánones 7, 8, 9, 11, 13, 14, 20, y 23 de Ética Judicial y al Canon 35 y la Parte IV del Criterio General del Código de Ética Profesional. En esencia, en la referida querella, se le imputó al juez Vissepó Vázquez: 1) manifestar conducta parcializada hacia una de las partes en el proceso judicial ante sí; ello con el alegado propósito de

---

[1] Esta Orden del Juez Administrador Merle Feliciano se emitió como consecuencia de una *Resolución* emitida por el juez Vissepó Vázquez y una *Moción al Expediente Judicial* y *Solicitud de Reconsideración* presentada por las licenciadas Magda Morales Torres, María I. Torres Alvarado y Ligia E. Santos Torres, como parte del caso *Awilda Rodríguez Berríos v. Wilfredo Colón Ortiz*, Civil Núm. EAC 2009-0015. En respuesta a la *Resolución* del juez Vissepó Vázquez, las mencionadas abogadas presentaron la referida *Moción* en la que, en esencia, solicitaron que los autos del caso civil Núm. EAC 2009-0015 fueran elevados a este Tribunal para que se evaluara la conducta del juez Vissepó Vázquez por posible infracción a los Cánones de Ética Judicial.

pretender forzar una transacción, 2) observar un trato preferencial hacia la representación legal de una de las partes e, 3) intentar iniciar un proceso disciplinario en contra de ciertas abogadas que se quejaron de su alegada conducta en sala; mediante expresiones escritas -- consideradas por las abogadas como denigrantes -- incluidas en ciertas Resoluciones emitidas por éste durante el trámite del pleito y como consecuencia de una solicitud de inhibición presentada en contra de éste.[2]

---

[2] En su *Resolución* de 1 de abril de 2014, el Juez Vissepó Vázquez expuso, en relación a la conducta de las licenciadas Magda Morales Torres, María I. Torres Alvarado y Ligia E. Santos Torres, entre otras cosas, lo siguiente:

"[…]

Mi sentir y mi voluntad de actuar y tomar una decisión que no es fácil o agradable se fundamenta en dar finalidad a una breve historia, creativamente perversa, falsa y sustentada en la mala fe, cuya desgraciada pretensión va dirigida a mancillar reputaciones, inclusive de una servidora pública o secretaria de sala que ha servido con integridad, total compromiso y dedicación por décadas a la Rama Judicial.

[…]

**Me retiro voluntariamente de continuar presidiendo los procedimientos en este caso porque quien está dispuesto a plasmar por escrito tanta falsedad e intenta destruir reputaciones de manera tan vil y despiadada, no está a la altura de comparecer ante mí a reclamar absolutamente nada.**

[…]"

De otra parte, en su *Resolución* de 24 de abril de 2014 señaló:

"[…]

En dicho escrito inicial, las licenciadas previamente mencionadas desarrollaron toda una creativa y perversa historia, basada únicamente en ficción, mentira y un grado ilimitado de ocasionar daño a reputaciones, con total mala fe y ausencia de prueba.

[…]

Solo una tiranía intenta callar la justicia. Sólo la cobardía intenta ocultar la verdad. Por ello no me cabe la menor duda que la mentira, llevada a grados de irracionalidad extrema como lo han hecho tres abogadas en este caso se pondrá en contra de ellas mismas. [cont. próxima página.]

Celebradas las vistas de rigor, tras analizar los testimonios de los testigos presentados por las partes, así como toda la prueba documental presentada por cada uno de estos, la Comisión de Disciplina Judicial presentó su Informe Final a este Tribunal. Al así hacerlo, concluyó que en el presente caso no existía prueba clara, robusta y convincente para poder determinar que el juez Vissepó Vázquez haya manifestado conducta parcializada hacia una de las partes en cierto proceso judicial ante su consideración, haya observado un trato preferencial hacia la representación legal de una de las partes o haya intentado forzar un proceso disciplinario en contra de las abogadas que se quejaron de su alegada conducta. En consecuencia, sostuvo que, con su comportamiento, el juez Vissepó Vázquez no infringió los Cánones 7, 11, 13 y 23 de Ética Judicial.

_____

[…]

La seriedad de las falsas, impropias e irresponsables expresiones, señalamientos y acusaciones hacia este juez y personal del Tribunal, no solo motivaron mi inhibición si no que laceraron mi sentido de justicia e imparcialidad a partir de ese momento, en este caso en particular y con las abogadas a las que previamente he hecho referencia. **"El coraje no se puede simular, es una virtud que escapa a la hipocresía".** **Napoleón Bonaparte Francés.**

[…]

**"A la Sra. Justicia le gusta que la toquen, que la reformen, que la mejoren … pero nunca que la violen." Desconocido.**

[…]

En ninguna parte de mi escrito anterior fui irrespetuoso e impropio. Lamentablemente, las abogadas esperaban por parte de este juez sumisión o silencio con mi proceder y retiro. **Dicen que la justicia es ciega y yo añado …… pero no muda y menos cobarde."**

Ahora bien, la Comisión concluyó que "*algunos de los comentarios realizados durante la vista transaccional en cuanto a los demandados*" violaron lo dispuesto en los Cánones 8 y 11 de Ética Judicial. A su vez, entendió la Comisión que, "*algunas de las expresiones utilizadas por el Juez Vissepó Vázquez en las dos Resoluciones emitidas el 1 de abril de 2014 y el 24 de abril de 2014*", constituyeron infracciones a los Cánones 13 y 14 de Ética Judicial. Así las cosas, la Comisión de Disciplina Judicial nos recomendó que censuráramos enérgicamente al juez Vissepó Vázquez por las alegadas violaciones a los Cánones de Ética Judicial.

Recibido el mencionado Informe, y luego de evaluar el contenido del mismo -- ante la falta de prueba clara, robusta y convincente -- una mayoría de este Tribunal resuelve que resulta improcedente la censura enérgica propuesta como sanción disciplinaria y, en consecuencia, ordena archivar la queja presentada en contra del juez Vissepó Vázquez. Concurrimos con dicho curso de acción.

III.

Como mencionamos anteriormente, concurrimos con lo resuelto por una mayoría de este Tribunal por entender que, del expediente ante nuestra consideración, y según se desprende del Informe rendido por la Comisión de Disciplina Judicial, en el presente caso no existe prueba clara, robusta y convincente que lograse establecer que el juez Vissepó Vázquez intentara forzar una transacción arbitraria

que favoreciese a una de las partes en dicho pleito, que lograse establecer la parcialidad de éste con una de las partes en el proceso judicial que presidía, o que, éste emitiese la *Resolución* de 24 de abril de 2014 para desalentar la investigación en su contra y forzar un proceso disciplinario contra las abogadas que ante él postulaban. No estando presente esa prueba, tan necesaria e indispensable al momento de enfrentarnos a la delicada tarea de juzgar la conducta de un compañero juez o compañera jueza, es forzoso concluir que éste no infringió lo dispuesto en los Cánones 7, 9, 11, 20 y 23 de Ética Judicial, 4 L.P.R.A. Ap. IV-B.

De otra parte, en lo referente a ciertas expresiones verbales que se le atribuyen al Juez Vissepó Vázquez durante la vista transaccional, la prueba presentada por las partes en el proceso disciplinario antes nos resultó ser conflictiva como para poder llegar inequívocamente a la conclusión de que éste violentó lo dispuesto en los Cánones 8 y 11 de Ética Judicial, *supra*. En ese sentido, la prueba presentada no produjo "[en este] juzgador de hechos una convicción duradera de que las contenciones fácticas son altamente probables". *In re Salas Arana*, *supra*; *In re Martínez Almodóvar*, *supra*; *In re Ruiz Rivera*, *supra*. Siendo ello así, entendemos que el Juez Vissepó Vázquez no infringió los referidos Cánones de Ética Judicial.

IV.

En fin, luego de un análisis cuidadoso y desapasionado de lo ocurrido en el caso ante nuestra consideración, entendemos que la conducta manifestada por el juez Vissepó Vázquez, durante la vista transaccional, no amerita la imposición de sanciones disciplinarias en su contra por no haberse cumplido con el quantum de prueba requerido.

Por otro lado, las expresiones escritas del juez Vissepó Vázquez -- aunque desacertadas y desafortunadas -- se dieron en el contexto de un incidente aislado, y no constituyen un patrón de conducta por parte de éste.

Recordemos que, como todo ser humano, un juez o jueza puede experimentar momentos de frustración de cara a ciertos escenarios ante su consideración. Ello es así, pues, detrás de cada toga hay un ser humano, con sus defectos y con sus virtudes, susceptible a fallar.

En ese contexto, y cónsono a lo ocurrido en otras instancias en las cuales este Tribunal ha tenido la oportunidad de evaluar la conducta de un compañero juez o compañera jueza en escenarios similares, consideramos lo ocurrido en el presente caso como un grave error de juicio del juez Vissepó Vázquez; error de juicio que, de repetirse o de convertirse en un patrón reiterado de conducta, podría conllevar la imposición de serias sanciones disciplinarias.

Siendo ello así, y contrario a la mayoría de este Tribunal que archiva sin más esta queja, por nuestra parte, apercibimos al juez Vissepó Vázquez que, de aquí en

adelante, en su desempeño como Juez del Tribunal de Primera Instancia, tanto en su conducta en sala, como al momento de redactar documentos judiciales, debe ser más cuidadoso y realizar sus expresiones en un contexto de respeto, paciencia, cortesía y entendimiento. Ello, sin duda, le evitará los típicos malestares, ofensas, o incomodidades que -- como en el presente caso -- pudieran derivarse de su confuso proceder.

Lo anterior también le evitará rayar en la falta de temperamento judicial, elemento esencial en su labor como juez. Dicho concepto -- el cual el juez Vissepó Vázquez está llamado a seguir -- históricamente se ha asociado con la ausencia de prejuicios, el sentido común, respeto, tolerancia, compasión, firmeza, amplitud de mente, paciencia y cortesía con que un juez o jueza debe manejarse en sala. Luis Rivera Román, *El temperamento y la función judicial*, Revista Ley y Foro, Colegio de Abogados de Puerto Rico, Vol.1 (2009).

Así las cosas, y como ya hemos dicho, la prudencia y el buen juicio requieren al juez Vissepó Vázquez abstenerse de realizar expresiones, verbales o escritas, que puedan entenderse como inapropiadas en el contexto de un proceso judicial, para evitar -- de esa forma -- mancillar la buena imagen de la Rama Judicial. No olvidemos que los jueces y las juezas -- al igual que los abogados y abogadas -- deben esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de la profesión. Lo contrario resultaría

nocivo al respeto que la ciudadanía ha depositado en la Rama Judicial. (Véase, de forma análoga, el Canon 38 del Código de Ética Profesional, 4 LPRA Ap. IX).

V.

Es pues, por todo lo anterior, **-- y en aras de ser consistentes al momento de evaluar la conducta de un juez o jueza y, por consiguiente,  al momento de determinar el tipo de sanción que amerita cuando se violenta lo dispuesto en los Cánones de Ética Judicial --**, que concurrimos con el proceder de una mayoría de este Tribunal en el día de hoy.


Ángel Colón Pérez
Juez Asociado