EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Magda Morales Torres<br>María L. Torres Alvarado<br>Ligia E. Santos Torres | 2017 TSPR 21<br><br>197 DPR ____ |

Número del Caso: AB-2014-192

Fecha: 10 de febrero de 2017

Abogados de la promovida:

      Por derecho propio

Parte Promovente:

      Hon. Rafael Vissepó Vazquez

Materia: Resolución del Tribunal con Voto Particular Disidente.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Magda Morales Torres        AB-2014-192        Queja
María I. Torres Alvarado
Ligia E. Santos Torres

RESOLUCIÓN

En San Juan, Puerto Rico, a 10 de febrero de 2017.

Examinados los escritos titulados *Comparecencia en Cumplimiento de Resolución* presentados el 29 de julio de 2014 por la Lcda. Magda Morales Torres, la Lcda. María I. Torres Alvarado y la Lcda. Ligia E. Santos Torres, se refiere a la Oficina del Procurador General para la investigación e informe correspondiente.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez emitió un Voto Particular Disidente al que se unieron la Juez Asociada señora Rodríguez Rodríguez y el Juez Asociado señor Colón Pérez. La Jueza Asociada señora Pabón Charneco apercibiría y archivaría la queja.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo

In re:

AB-2014-0192

Magda Morales Torres
María J. Torres Alvarado
Ligia Santos Torres

Voto Particular Disidente emitido por la Jueza Presidenta ORONOZ RODRÍGUEZ al cual se unen la Juez Asociada señora RODRÍGUEZ RODRÍGUEZ y el Juez Asociado señor COLÓN PÉREZ

En San Juan, Puerto Rico, a 10 de febrero de 2017.

Disiento del curso de acción de una mayoría de este Tribunal por entender que no procede referir este asunto al Procurador General. Los hechos que provocaron esta queja ya fueron investigados y adjudicados por diversos organismos, incluyendo este Foro.

I

En el 2014, las licenciadas Magda Morales Torres, María J. Torres Alvarado y Ligia Santos Torres (conjuntamente, las licenciadas), solicitaron que el Juez Administrador, Hon. Lind O. Merle Feliciano, evaluara cierta conducta del Hon. Rafael Vissepó Vázquez (Juez Vissepó Vázquez) al amparo de

los Cánones de Ética Judicial, 4 LPRA Ap. IV-B. Pidieron que determinara si procedía que el asunto se refiriera a este Tribunal. El 10 de julio de 2014, remitimos la referida conducta a la Oficina de Administración de los Tribunales (OAT) para la investigación correspondiente.

El Juez Vissepó Vázquez, por su parte, refirió posteriormente cierta conducta de las abogadas por, alegadamente, violar el Código de Ética Profesional, 4 LPRA Ap. IX.[1]

Así las cosas, conforme proveen las Reglas de Disciplina Judicial,[2] la Unidad Especializada de Investigaciones adscrita a la Oficina de Asuntos Legales de la OAT, llevó a cabo una investigación. La misma dio pie a la formulación de cargos en contra del Juez Vissepó Vázquez ante la Comisión de Disciplina Judicial. Dicho organismo autorizó la presentación de una querella en contra del Juez Vissepó Vázquez. Conviene destacar que en la querella- y pertinente a la reactivación del procedimiento investigativo que una mayoría autoriza hoy sobre la conducta de las abogadas- la OAT imputó al Juez Vissepó Vázquez el siguiente cargo: "[e]l Querellado, al no lograr que las abogadas desistieran del proceso disciplinario que ellas estaban canalizando a través del

---

[1] La conducta que le imputaron al Juez Vissepó Vázquez y la que este le imputó a las licenciadas ocurrió durante los procedimientos en el caso _Awilda Rodríguez Berríos v. Wilfredo Colón Ortiz_, Civil Núm. EAC2009-0015. En cuanto a la conducta que refirió el Juez Vissepó Vázquez, este Tribunal le concedió un término a las licenciadas para expresarse sobre dicho asunto.

[2] 4 LPRA Ap. XV-B. Véase _In re Enmdas. Rs. Disciplina Judicial_, 191 DPR 564 (2014).

Tribunal, intervino en el caso en el cual estaba inhibido para forzar un procedimiento disciplinario en contra de las abogadas y desalentar así la investigación que éstas estaban promoviendo".[3]

Tras llevar a cabo los procesos correspondientes, la Comisión de Disciplina Judicial concluyó que no existía prueba clara, robusta y convincente en cuanto a algunos cargos. Sin embargo, determinó que ciertas expresiones y comentarios del Juez se apartaron de lo dispuesto en varias disposiciones de los Cánones de Ética Judicial, _supra_, por lo que recomendó a esta Curia sancionar al Juez Vissepó Vázquez.

Examinadas rigurosamente las actuaciones del Juez Vissepó Vázquez a la luz del estándar probatorio aplicable, el 7 de octubre de 2016 este Tribunal ordenó archivar la querella que pesaba en su contra. Concluimos que la prueba que presentó la OAT no demostró de forma clara, robusta y convincente infracciones a la ética judicial. Véase _In re Vissepó Vázquez_, 2016 TSPR 211, 196 DPR ____ (2016). Con ello culminó el trámite en contra del Juez Vissepó Vázquez, mas quedó pendiente la determinación de este Tribunal en cuanto a sus imputaciones en contra de las licenciadas.

---

[3] Informe de la Comisión de Disciplina Judicial de 27 de junio de 2016, pág. 4, emitido en _In re Vissepó Vázquez_, AD-2014-3.

II

Por surgir estrictamente del mismo núcleo de hechos y habiendo la OAT, la Comisión de Disciplina Judicial y esta Curia evaluado acuciosamente todo lo concerniente a los intercambios verbales y escritos entre las licenciadas y el Juez Vissepó Vázquez, procedía disponer de este asunto sin trámites ulteriores según se ha hecho en otras ocasiones. No obstante, con el referido a la Oficina del Procurador General, una mayoría de este Tribunal dilata innecesariamente la queja que presentó el Juez Vissepó Vázquez contra las abogadas y reactiva el procedimiento investigativo en su contra.

Reitero que no hay razón que justifique ese curso de acción. Más aun, resulta perjudicial y poco práctico utilizar los recursos limitados del Estado para activar la maquinaria de la Oficina del Procurador General y de este Tribunal, a los efectos de indagar sobre unos eventos que ya se investigaron. En cambio, procede que este Tribunal, haciendo uso efectivo de su poder inherente y de la información ya recopilada, evalúe la conducta de las abogadas al amparo del Código de Ética Profesional, supra.

Por otro lado, este Tribunal recientemente revisó los mecanismos con los que evalúa, investiga y sanciona a los miembros de la judicatura que infringen la ética judicial. Al hacerlo nos expresamos con celo sobre el derecho al debido proceso de ley de los jueces y las juezas y la

importancia de proteger la independencia judicial. Igual reconocimos el imperativo de "asumir una nueva postura proactiva y flexible que […] sirva como mecanismo profiláctico de cualquier conducta antiética que pueda socavar la integridad del sistema judicial".[4] Este espíritu unánime de proveer una apertura más cabal a los ciudadanos y las ciudadanas, pudiera verse lacerado con actuaciones como estas. A fin de cuentas, solo podemos ser guardianes de nuestro recinto judicial cuando nos enteramos de aquella conducta que pudiera estar reñida con la ética judicial.

Insisto en que debemos ser custodios celosos del espacio sosegado y amplio que deben tener los miembros de la profesión legal y la ciudadanía en general, cuando quieren traer a nuestra atención instancias en las que estiman que algún miembro de la judicatura ha actuado en contravención de nuestros postulados éticos. Lo fuimos con el Juez Vissepó Vázquez y lo debimos ser con las licenciadas.

Me preocupa el efecto desalentador que puede tener el referido de las licenciadas a la Oficina del Procurador General. En particular, me inquieta el efecto disuasivo natural que pudieran tener los abogados y las abogadas de presentar quejas contra jueces y juezas por miedo a que estos, en aparente represalia, refieran su conducta ante

---

[4] In re Enmdas. Rs. Disciplina Judicial, supra, pág. 564.

este Tribunal. Advierto que en este caso el referido en contra de las abogadas se dio <u>posterior</u> al referido de las licenciadas sobre la conducta del Juez Vissepó Vázquez. Más aun, la OAT le imputó al Juez utilizar el proceso disciplinario contra las abogadas para "intentar desviar o atacar el proceso de queja iniciado por ellas sobre las expresiones que él emitió".[5]

Si bien somos enfáticos en que **no permitiremos que se utilicen los procesos disciplinarios contra los jueces y juezas como estrategias para obtener inhibiciones infundadas en los litigios,[6] adelantar agendas personales, entre otras, tampoco podemos avalar, ni siquiera en apariencia, que se utilicen los procesos disciplinarios contra los abogados y abogadas como táctica de intimidación o peor aún, de represalia.** Este tribunal ha protegido una y otra vez --en múltiples contextos-- a aquel o aquella que denuncia lo que percibe es conducta incorrecta. Ello cobra mayor resonancia cuando se trata de relaciones donde el poder privilegia a uno sobre otro y donde nuestro poder inherente debe descargarse equitativamente.

_____

[5] *Comparecencia en torno al Informe de la Comisión de Disciplina Judicial, al amparo de la Regla 30(A) de las Reglas de Disciplina Judicial*, pág. 32, presentado en <u>In re Vissepó Vázquez</u>, AD-2014-3.

[6] En particular, la Regla 3 de Disciplina Judicial, <u>supra</u>, dispone que no se investigará una queja o solicitud de separación que "(c) pretenda utilizar indebidamente el procedimiento disciplinario o de separación para lograr la inhibición de un juez o una jueza en un caso en particular o cualquier ventaja en un caso o procedimiento ante su consideración". Véase además, <u>In re Irizarry Rodríguez</u>, 193 DPR 633 (2015).

Por todo lo anterior, habiendo examinado la información recopilada por la OAT durante su investigación, --incluyendo las mociones que provocaron la queja contra estas abogadas--, y la información que surge de los procesos ante la Comisión de Disciplina Judicial, incluyendo el Informe que le rindió a este Tribunal, archivaría la queja. Al igual que un grupo de jueces y juezas de este Tribunal hicimos con respecto a las expresiones del Juez Vissepó Vázquez,[7] apercibiría a las letradas que su conducta hacia los tribunales debe caracterizarse por el mayor respeto y que tienen que evitar comportamiento que pueda entenderse como que atenta contra el buen orden en la administración de la justicia. De esa forma, en vez de malgastar nuestros recursos limitados y los de la Oficina del Procurador General, los empleamos de manera más eficiente.

Maite D. Oronoz Rodríguez
Jueza Presidenta

---

[7] Voto Concurrente emitido por el Juez Asociado señor Colón Pérez al cual se unieron la Jueza Presidenta Oronoz Rodríguez y la Juez Asociada señora Rodríguez Rodríguez en In re Vissepó Vázquez, supra.